UNITED STATES DISTRICT COURT
SOUTHEAST MICHIGAN

| | |
|---|---|
| Guodong Xu, Yan Zhao and Chengyuan Xu<br><br>Plaintiffs,<br><br>v.<br><br>Ur Mendoza Jaddou,<br>Director<br>U.S. Citizenship and Immigration Services<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)  2:22-cv-11357<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND PETITION**

**FOR A WRIT OF MANDAMUS**

The Plaintiff Mr. Guodong Xu bring this mandamus and declaratory action against Defendant, Ur Mendoza Jaddou in her capacity as Director of United States Citizenship and Immigration Services ("USCIS" or "Defendant"), stating as follows:

1. This action is brought against Defendant to compel Defendant to adjudicate the Plaintiff's Adjustment of Status Application (Form I-485) without further delay.

2. Plaintiff Guodong Xu (A213517499) is living and working in Michigan for the past five years as a Multinational Company's Executive. He holds a critical position as CEO of Northern Engraving Corporation, which has more than 700 employees and several plants in Michigan, Wisconsin and Minnesota. Plaintiffs file their I-485 applications based on EB1C (multinational executive or manager) petition granted by USCIS with receipt number LIN2090163892. Because his visa category is EB1C, his immigrant

1

visa is current all the time. However, his I-485 (MSC2190182538) and his family member's I-485 as well (Wife, Yan Zhao, MSC2190182541 and his son Chengyuan Xu, MSC2190182544) remain pending for more than one year and eight months.

3. According to the USCIS Processing Time Information, the processing time for the I-485 is about 13.5 months.[1] This case has been pending with USCIS for approximately 20 months and is yet to be adjudicated. While waiting, Plaintiffs have made numerous inquiries but have never got any meaningful responses from USCIS.

## JURISDICTION

4. Plaintiffs are living in Michigan where events giving rise to this claim occurred.

5. Defendant USCIS is an "agency" within the meaning of the APA, 5 U.S.C. $ 551(1). USCIS is responsible for the adjudication of immigration benefits applications, including I-485 applications.

6. Defendant Ur Mendoza Jaddou is the Director of USCIS. In this role, she oversees the adjudication of immigration benefits and establishes and implements governing policies.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), in that this is an action against officer and agency of the United States in their official capacities, brought in the District where Plaintiffs reside.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiffs are owed a duty – the adjudication of their properly filed I-485, which has been duly filed with USCIS for more than 20 months. Defendant has unreasonably

---

[1] As of June 16, 2022.

delayed and failed to adjudicate the Plaintiffs' application for a long time. The Plaintiffs have no other adequate remedy available for the harm he seeks to redress.

## FACTS AND PROCEDURES

9. Plaintiff Guodong Xu- his I-485 which were received by Defendant on October 8, 2020. From January 10, 2022 to May 11, 2022, we filed numerous Inquiries, and always got the answer that USCIS had to perform additional review. For example, he filed inquiry on January 10 with Service ID SR10102201209NSC, one more on May 11 with Service ID SR11312200580MSC. In addition, US Senator has graciously assisted their case, but such assistance has not obtained any meaningful result.

10. Without I-485 approval, Mr. Xu can never receive his green card and can never have any international travel at this moment because of the Covid travel ban. As CEO of a multinational company, it causes tremendous business losses for Northern Engraving Corporation as a result of the defendant's unreasonable delay.

11. In the meantime, USCIS approved many other identical I-485 applications in less than one year based on the same EB1C petition. For example:

    - Jiequan Lian, MSC2190121853, approved on May 22, 2021 in about 7 months.
    - Jie Wu, MSC2191166761, approved on February 23, 2022 in about 10 months.
    - Krishna Prasanna Kilaru, MSC2190199297, approved on July 17, 2021 in 9 months.

## CAUSE OF ACTION

12. Plaintiff is entitled to adjust his status to lawful permanent resident pursuant to INA § 209, 8 U.S.C. § 1159.

13. Defendant has sufficient information to determine Plaintiff's eligibility for adjustment of status pursuant to applicable requirements.

14. Defendant's inaction in Guodong Xu's case has caused unfair amounts of stress, expense,

and hassle for the Plaintiff.

## CLAIMS

15. For a mandamus petition, plaintiff must demonstrate that: (i) he has a clear right to the relief requested; (ii) the Defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); *see also Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "'the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice'") The Plaintiff clearly meets all three of these criteria.

16. USCIS has unreasonably failed to adjudicate Plaintiff's I-485 application, thereby depriving the Plaintiff of his rights under INA § 209, 8 U.S.C. § 1159.

17. Defendant owes Plaintiff a duty to adjudicate this I-485 pursuant to the INA and its implementing regulations, but has unreasonably failed to perform that duty. *See*, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997). Plaintiff has no alternative means to obtain adjudication of his I-485 and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988).

18. The Court's intervention is also appropriate because Defendant has failed to act within a reasonable period of time. *See*, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice").

19. The Plaintiff is entitled to action on his long-pending adjustment of status application, because an unreasonable amount of time has passed since his application was filed. Defendant has failed to carry out the adjudicative and administrative functions delegated by Congress.

20. Defendant's delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that the Court:

    a.    Assume jurisdiction over this action;

    b.    Compel the Defendant to perform the duty to adjudicate the Plaintiff's I-485 application without further delay;

    c.    Enter a declaratory judgment that the Defendant's unreasonable delay violates the INA, the federal regulations, the APA, and that such delay is arbitrary and capricious;

    d.    Grant attorney's fees and costs of Court to the Plaintiffs under the Equal Access to Justice Act.

Respectfully submitted June 17, 2022

s/*Dehai Tao*
Dehai Tao
**Dehai Tao, P.C.**
24 Frank Lloyd Wright Dr, B-1400
Ann Arbor, MI 48105
Tel: (734) 930-7300
E-mail: dehai@dehaitao.com
***Counsel for Plaintiff***